**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ZOLO A. AZANIA,

              Plaintiff,

              v.                         CAUSE NO.: 2:24-CV-264-TLS

GOODWILL INDUSTRIES,

              Defendant.

**OPINION AND ORDER**

This matter is before the Court on a Verified Motion to Reconsider and Objection to the Granting of Defendant's Motion for Summary Judgment (Dated April 24, 2026) [ECF No. 113]. For the reasons below, the Court denies the motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

On July 31, 2024, the Plaintiff Zolo A. Azania, proceeding without counsel, filed a Complaint [ECF No. 1] against the Defendant Goodwill Industries for violations of Title VII.[1]

On October 17, 2024, the Defendant served Interrogatories and Requests for Production of Documents on the Plaintiff, to which the Plaintiff responded. ECF Nos. 21, 22, 24, 25. On November 22, 2024, and December 2, 2024, the Plaintiff served his First Request for Production of Documents and First Request for Interrogatories, to which the Defendant responded. ECF No. 27, 29, 35, 36, 43. On February 18, 2025, the Defendant served its initial disclosures. ECF No. 52. On March 26, 2025, the Plaintiff served his initial disclosures. ECF No. 58.

---

[1] The Plaintiff also named three individuals as defendants, whom the Court dismissed. Jan. 23, 2025 Order, ECF No. 38.

On March 10, 2025, the Plaintiff filed a motion to compel, ECF No. 53, which the Court denied because the Defendant had served the discovery but the Plaintiff had failed to retrieve the package, ECF No. 60.

On May 5, 2025, the Defendant filed an answer to the Plaintiff's second set of interrogatories. ECF No. 66. On June 3, 2025, the Defendant sent the Plaintiff a letter denying his request for a copy of the transcript and video of his deposition. ECF No. 67.

On June 5, 2025, the Plaintiff served a first request for admissions and a third request for production of documents, ECF Nos. 68, 69, to which the Defendant responded on July 24, 2025, ECF No. 73.

On October 6, 2025, the Defendant filed a motion for summary judgment as well as a Notice to Pro Se Litigant. ECF No. 84, 87. The Plaintiff filed a response on October 27, 2025. ECF No. 90. The same day, the Plaintiff filed a Motion for Sanctions and Recognition as the Prevailing Party for Post-Ruling Discovery Misconduct and Fraud Upon the Court. ECF No. 93. On November 17, 2025, the Defendant filed a "Reply Brief in Support of Motion for Summary Judgment and Opposition to Plaintiff's Motion for Sanctions." ECF No. 101. On December 8, 2025, the Plaintiff filed a Verified Reply Brief and Affidavit to the Defendant's combined reply and response brief, ECF No. 104, and on December 10, 2025, the Plaintiff filed an Addendum to his Verified Reply, ECF No. 105. On December 22, 2025, the Defendant filed a Motion to Strike Plaintiff's Unauthorized Surreply. ECF No. 106. The Plaintiff filed a response, ECF No. 107, and the Defendant did not file a reply.

On April 24, 2026, the Court issued an Opinion and Order denying the Plaintiff's Motion for Sanctions, denying the Defendant's Motion to Strike, and granting the Defendant's Motion for Summary Judgment. ECF No. 110. On the Plaintiff's Motion for Sanctions based on alleged

discovery violations, the Court found no basis for sanctions related to the three issues raised by the Plaintiff: the Defendant's reliance on summary judgment on witnesses Carmen Walker and Harlan Williams; the Defendant's submission of the flash drive containing the video recording of the underlying incident; and the Defendant's failure to file the Plaintiff's deposition transcript on the docket. On the Defendant's Motion for Summary Judgment, noting that the Plaintiff had only made discovery-related arguments and had offered no substantive response in support of his Title VII claims, the Court considered the material facts supported by evidence submitted by the Defendant and held that the Plaintiff had failed to offer evidence to create a genuine dispute of material fact on his claims.

A clerk's entry of judgment was entered on April 27, 2026. ECF No. 111. On May 6, 2026, the Plaintiff filed the instant Motion for Reconsideration. ECF No. 113. The Defendant filed a response. ECF No. 116. The Plaintiff did not file a reply, and the time to do so has passed.

**ANALYSIS**

The Plaintiff asks the Court to vacate its April 24, 2026 Opinion and Order granting summary judgment in favor of the Defendant. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). And a motion to reconsider is not "an appropriate forum for rehashing previously rejected arguments or arguing

3

matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 (citations omitted). "Disposition of a motion for reconsideration is left to the discretion of the district court . . . ." *Id.*

The Plaintiff has not offered any newly discovered evidence, and none of the Plaintiff's numerous arguments, most of which again relate to discovery, show that the Court committed a manifest error of law or fact. As an initial matter, the Court reiterates that the Plaintiff's brief in response to summary judgment focused solely on the Defendant's alleged discovery violations and made no substantive response or argument on the merits of his Title VII race and sex discrimination and retaliation claims. *See* Apr. 24, 2026 Op. & Order 5, ECF No. 110; Pl. Resp, ECF Nos. 90, 91. The Court's ruling was based on the Plaintiff's lack of evidentiary support for his claims to create a genuine dispute of fact for trial. As the Defendant argues, for this reason alone, the Plaintiff has not identified any manifest error of law or fact regarding the Court's summary judgment ruling, and the Court denies the Motion to Reconsider on this basis.

Moving to the Plaintiff's specific arguments, reconsideration is also not warranted. First, the Plaintiff argues that the record contradicts the Court's finding on page 3 of its summary judgment ruling that "Plaintiff has offered no evidence of discovery misconduct by the Defendant" and then makes several arguments regarding the Defendant's discovery conduct. All of these arguments were either previously raised in the Plaintiff's original Motion for Sanctions and rejected by the Court in its April 24, 2026 ruling or are new arguments not properly before the Court. To the extent the Plaintiff contends generally that the Court did not consider his "Verified Reply Brief And Affidavit To Defendant's Reply Brief In Support of Motion for Summary Judgment And Opposition to Plaintiff's Motion for Sanctions" [ECF No. 104] and its

attachments, the Court considered the filing. *See* Apr. 24, 2026 Op & Order 3. The Plaintiff has not identified any error of law or fact with the Court's ruling on his Motion for Sanctions.

Next, the Plaintiff makes several new arguments related to alleged comparators, minors in the workplace, and a hit-and-run and related call logs, all of which are waived. *See* Pl. Mot. 3–4. Because these facts are not newly discovered and the Plaintiff did not raise them in response to summary judgment, they cannot form the basis for reconsideration.

Finally, the Plaintiff contends that the Court failed to consider two "complaint letters" dated September 21, 2020, and April 30, 2022. *Id.* at 5. The Plaintiff asserts that the two letters are filed at Docket Entry 80 at 1 and are "identified and authenticated by Defendants themselves as Exhibits #5, #7, and #11." *Id.* Docket Entry 80 is a defense motion for extension of time that does not include or reference the letters. The Defendant filed Exhibits A–D with its Motion for Summary Judgment; it is unclear what Exhibits 5, 7, and 11 the Plaintiff is referencing. The Plaintiff did not cite these letters in his response or surreply to summary judgment. The Plaintiff has attached the two letters to his Motion for Reconsideration but has not suggested they are newly discovered. *See* ECF No. 113-1. Therefore, these letters are not a proper basis for reconsideration. Nevertheless, the Court has reviewed the letters and finds that neither constitutes a complaint related to race or sex. Thus, the letters would not have formed a basis for his Title VII retaliation claim as set forth in the Court's April 24, 2026 Opinion and Order.

## CONCLUSION

For all these reasons, the Court finds that the Plaintiff has not identified a manifest error of law or fact or newly discovered evidence that would justify reconsideration of the Court's April 24, 2026 ruling and hereby DENIES the Plaintiff's Verified Motion to Reconsider and

Objection to the Granting of Defendant's Motion for Summary Judgment (Dated April 24, 2026)

[ECF No. 113].

SO ORDERED on June 5, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT