**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ZOLO A. AZANIA,<br><br>Plaintiff,<br><br>v.<br><br>GOODWILL INDUSTRIES,<br><br>Defendant. | CAUSE NO.: 2:24-CV-264-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Objections to Notice of Costs to Be Taxed [ECF No. 118], filed on May 27, 2026, objecting to the Defendant's Bill of Costs [ECF No. 114]. For the reasons stated below, the Court overrules the Plaintiff's Objection.

## BACKGROUND

The Plaintiff Zolo A. Azania filed a pro se Complaint against the Defendant Goodwill Industries (and other individual defendants who have since been dismissed), bringing claims of race discrimination in employment. ECF No. 1. On October 6, 2025, the Defendant filed a Motion for Summary Judgment, which was fully briefed. ECF No. 84. The Court granted the motion on April 24, 2026, ECF No. 110, and on April 27, 2026, the Clerk of Court entered judgment against the Plaintiff and in favor of the Defendant, ECF No. 111.

On May 11, 2026, the Defendant timely filed a Bill of Costs seeking $4,559.90 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," attaching invoices in support. ECF No. 114; ECF No. 114-1. On May 12, 2026, the Clerk of Court issued a Notice of Costs to Be Taxed, indicating that costs would be taxed in the amount of $4,559.90 on May 26, 2026, if no objections were filed. ECF No. 115. No objections were

filed by May 26, 2026, and the Clerk of Court taxed the costs in the amount of $4,559.90 against the Plaintiff on May 28, 2026. ECF No. 117. Later on May 28, 2026, the Clerk of Court placed on the electronic docket the Plaintiff's objection that had been received by the Court on May 27, 2026.

**ANALYSIS**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (citation omitted). Here, the Defendant, having won on summary judgment, is the prevailing party.

Recoverable costs are specified in 28 U.S.C. § 1920 and include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). There is a presumption in favor of awarding costs to the prevailing party. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citation omitted). "The presumption . . . is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* (citations omitted). Nevertheless, to award costs, the Court "simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

In this case, the deadline to object to the Clerk of Court taxing the requested costs was May 26, 2026, and the Plaintiff did not file his Objection until a day later on May 27, 2026. The Plaintiff did not object by the deadline, seek an extension of time, or show excusable neglect for his untimely Objection. *See* Fed. R. Civ. P. 6(b). As a result, the Court does not consider the Plaintiff's Objection and finds that the requested expenses are allowable under 28 U.S.C. § 1920(2) and were reasonable and necessary as the transcripts were used by the Defendant in the summary judgment proceedings. Even if the Court were to consider his Objection, the Plaintiff has not provided a basis for disallowing the requested costs. First, the Plaintiff is not proceeding in forma pauperis. Second, the Plaintiff makes only the broad statement that the Federal Rules of Civil Procedure should not "be transformed into a mechanism whereby wealthy institutional litigants can suppress adverse evidence through attrition and then seek financial punishment against the very *pro se* party who attempted to uncover the truth." ECF No. 118. The Plaintiff has not shown any misconduct on the part of the Defendant or other basis to reduce the costs. Accordingly, the Court overrules the Objection.

**CONCLUSION**

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Objections to Notice of Costs to Be Taxed [ECF No. 118] and AFFIRMS the costs taxed by the Clerk of Court in the amount of $4,559.90 [ECF No. 117].

SO ORDERED on August 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT